UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. F07-00645-DMD<br><br>GEORGETTE OKRAY and<br>FREDDIE OKRAY,<br><br>Debtors. | Chapter 13<br><br>**Filed On<br>11/24/08** |
| GEORGETTE OKRAY and<br>FREDDIE OKRAY,<br><br>     Plaintiffs and Counterclaim<br>     Defendants,<br><br>  v.<br><br>ALLEN L. DENNIS and<br>DONNA L. DENNIS,<br><br>     Defendants and<br>     Counterclaimants. | Adversary No. F08-90010-DMD |

## MEMORANDUM ON MOTION FOR EXTENSION OF TIME TO APPEAL

A memorandum decision, order and judgment were entered in this proceeding on September 30, 2008. Attorneys for the plaintiffs and the defendants were served with copies of these documents on the same date. Erik LeRoy, attorney for the plaintiffs and a CM/ECF filer, was served electronically. Thomas Wickwire, attorney for the defendants, was served by mail at his Fairbanks address.

Fed. R. Bankr. P. 8002(a) provides that a notice of appeal "shall be filed . . . within 10 days of the entry of the judgment, order, or decree appealed from.[1]  The deadline for filing an appeal in this case fell on October 10, 2008.  Wickwire filed a notice of appeal 12 days after this deadline, on October 22, 2008, along with a request to extend the time for filing a notice of appeal.  Wickwire didn't know about the 10 day appeal period contained in Rule 8002.  He is inexperienced in bankruptcy and doesn't own a copy of the bankruptcy rules.  He had been relying on another Fairbanks attorney, who was experienced in bankruptcy matters, to advise him about bankruptcy procedure.  This attorney was out of town when the judgment in this case was entered.  He didn't contact Wickwire until the time for appeal had lapsed.

Wickwire argues that the late filing of the notice of appeal should be permitted on the basis of excusable neglect under Fed. R. Bankr. P. 8002(c)(2).  The plaintiffs oppose the requested extension.  The bankruptcy court has the authority to grant an extension of time to file a notice of appeal.[2]  However, an extension of time may be granted "only to the extent and under the conditions" stated in Rule 8002.[3]  Rule 8002(c)(2) allows a bankruptcy court to extend the time for filing a notice of appeal upon a showing of excusable neglect.  It provides:

> (c)(2) A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not

---

[1] Fed. R. Bankr. P. 8002(a).

[2] Fed. R. Bankr. P. 8002(c)(1).

[3] Fed. R. Bankr. P. 9006(b)(3).

2

>later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.[4]

The leading case regarding the doctrine of excusable neglect is *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*.[5] In that case, unsecured creditors faced a claims bar date of August 3, 1989. They failed to file timely claims, in part because of ambiguities in the court's notice setting the filing deadline. On August 23, 1989, the claimants filed proofs of claim with a motion to permit the late filings under the excusable neglect standard found in Fed. R. Bankr. P. 9006(b). The bankruptcy court and the district court found against the claimants. The Sixth Circuit found for the claimants and the Supreme Court affirmed in a 5-4 decision.

The Court acknowledged that ordinarily, inadvertence, ignorance of the applicable rules, or mistake in construing the rules does not constitute excusable neglect.[6] It noted, however, that excusable neglect was an "elastic concept,"[7] and concluded that the determination of excusable neglect should be established by an equitable test, "taking account of all relevant circumstances surrounding the party's omission."[8] To determine

---

[4] Fed. R. Bankr. P. 8002(c)(2) (2008).

[5] 507 U.S. 380 (1993).

[6] *Id.* at 392.

[7] *Id.*

[8] *Pioneer Inv.*, 507 U.S. at 395.

3

whether a party's neglect was "excusable," a court should consider: 1) the danger of prejudice to the debtor, 2) the length of the delay and the potential impact on judicial proceedings, 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith.[9]  Because of a "dramatic ambiguity" in the notice of the claims bar date, the Court concluded that the creditors' failure to timely file claims was excusable and affirmed the circuit court's holding.[10]

Applying the *Pioneer* factors to this case leads to mixed results. There is no danger of prejudice to the debtors by allowing a late appeal. The length of the delay is just 12 days. It will have a negligible impact on the remaining proceedings. The defendants have acted in good faith. Three of the four *Pioneer* factors favor the defendants. The third factor, however, is determinative.

The reason for the delay in filing the notice of appeal was Mr. Wickwire's ignorance of the applicable rules. Additionally, an attorney Mr. Wickwire had been relying upon for information on bankruptcy procedure was out of town during the appeal period. Mr. Wickwire said he assumed that the appeal time would be 30 days, but he didn't check with other bankruptcy counsel to confirm if he was correct, nor did he try to locate the applicable rule independently.  The reason for delay was within the reasonable control of the defendants. There were no intervening factors or ambiguous notices.

---

[9] *Id.*

[10] *Id.* at 398-99.

4

Subsequent to *Pioneer*, the Ninth Circuit examined a situation similar to Wickwire's and concluded that an attorney's mistake in interpreting an applicable federal rule was not excusable neglect. In *Kyle v. Campbell Soup Company*,[11] an attorney had filed a motion for attorney's fees three days after the 30 day period provided by a local rule. The attorney had misinterpreted Fed. R. Civ. P. 6(e), which was applicable to time computations made under the local rules, and erroneously added three days for mailing to calculate the deadline for filing the motion. The district court found that this error was excusable neglect; the Ninth Circuit disagreed. The court distinguished the situation from *Pioneer*, where excusable neglect was found due to a court notice which contained a "dramatic ambiguity" capable of confusing even experienced attorneys.[12]

> By contrast, counsel in this matter committed a mistake in interpreting and applying the Local Rules and Rule 6(e) of the Federal Rules of Civil Procedure, which were *not* ambiguous. This form of neglect was not excusable. Although the Court in *Pioneer* recognized that "excusable neglect" is a flexible, equitable concept, the Court also reminded us that "inadvertance, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"[13]

While this result may seem to have an unduly harsh impact on an attorney's clients, the Supreme Court made it clear that this factor is not considered when determining excusable

---

[11] 28 F.3d 928 (9th Cir. 1994).

[12] *Id*. at 931.

[13] *Id.* (emphasis in original).

5

neglect. Clients are held accountable for the acts and omissions of their attorneys.[14] When determining excusable neglect, "the proper focus is upon whether the neglect of respondents *and their counsel* was excusable."[15]

In the context of bankruptcy appeals, courts have found that an attorney's failure to timely file an appeal based upon either a lack of knowledge or misinterpretation of Rule 8002 is not excusable neglect. For example, in *Graves v. Rebel Rents, Inc. (In re Rebel Rents, Inc.)*,[16] the court found that a lessor's failure to timely file a notice of appeal after entry of a summary judgment was fatal to its appeal. The time to appeal expired May 9, 2005. The lessor moved for an extension of time to file an appeal on May 24, 2005, explaining that its attorney had negligently overlooked the 10 day time limitation found in Rule 8002(a).[17] The court refused to grant an extension of time, noting:

> Rule 8002(a) is the *only* relevant rule governing the deadline to file a notice of appeal in this adversary proceeding. Rule 8002(a)'s 10-day limitation is crystal clear and the lapse by Graves' counsel is egregious. Counsel has not presented a persuasive justification for his utter failure to read and carefully understand the clear and unambiguous mandate of Rule 8002(a).[18]

The court found the attorney's failure to read and follow Rule 8002(a) to be inexplicable, concluding that the "[a]bsence of prejudice and the existence of good faith do not trump an

---

[14] *Pioneer Inv.*, 507 U.S. at 396.

[15] *Id.* at 397 (emphasis in original).

[16] 326 B.R. 791 (Bankr. C.D. Cal. 2005).

[17] *Id.* at 805-806.

[18] *Id.* at 806.

6

attorney's ignorance or misunderstanding of unambiguous rules of procedure."[19] Because no further factors had been presented which would justify a finding of excusable neglect, such as an attorney's ill health or disability, a delay in the mail, an ambiguous notice or miscommunication,[20] the motion to allow a late filed appeal was denied.

The *Rebel Rents* decision is consistent with a variety of post-*Pioneer* cases in which the courts have refused to extend the 10-day appeal deadline under Rule 8002(c).[21] I conclude that Mr. Wickwire's ignorance of the rules does not constitute excusable neglect, even though there was no prejudice to the debtors or bad faith on behalf of the creditors. The defendants' motion for extension of time to file a notice of appeal will be denied.

An order will be entered consistent with this memorandum.

---

[19] *Id.*

[20] *Id.* at 805.

[21] *See, e.g., Dial Nat'l Bank v. Van Houweling (In re Van Houweling)*, 258 B.R. 173 (B.A.P. 8th Cir. 2001) (no excusable neglect where motion, filed 21 days late, had no explanation for delay); *Hartford Cas. Ins. Co. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 214 B.R. 197 (B.A.P. 8th Cir. 1997)(counsel's ignorance or misreading of the law does not constitute excusable neglect); *Belcher v. Columbia Univ. (In re Belcher)*, 293 B.R. 265 (Bankr. N.D. Ga. 2001)(three day delay in filing appeal by inexperienced attorney ignorant of rules not excusable neglect); *Cavazos v. Mid-State Trust II (In re Hillsborough Holdings Corp.)*, 270 B.R. 306 (Bankr. M.D. Fla. 2001)(attorney preoccupation with other litigation is not excusable neglect); *Official Comm. of Unsecured Creditors of Investors & Lenders, Ltd. v. Field (In re Investors & Lenders, Ltd.)*, 169 B.R. 546 (Bankr. D.N.J. 1994)(no excusable neglect where creditors had ample notice of decision prior to entry of order, even though final order not received until after appeal period had expired); *In re Nickels Performance Sys., Inc.*, 169 B.R. 647 (Bankr. E.D. Tenn. 1994) (no excusable neglect established where appellant offered no explanation for delay); *Pyramid Energy, Ltd. v. Duquoin Nat'l Bank (In re Pyramid Energy, Ltd.)*, 165 B.R. 249 (Bankr. S.D. Ill. 1994)(fact that counsel and his staff were busy with Christmas holidays doesn't establish excusable neglect); *Huennekens v. Marx (In re Springfield Contracting Corp.)*, 156 B.R. 761 (Bankr. E.D. Va. 1993)(no excusable neglect where notice of appeal filed one day late due to counsel's busy trial schedule).

DATED: November 24, 2008.

               BY THE COURT

               <u>/s/ Donald MacDonald IV</u>
               DONALD MacDONALD IV
               United States Bankruptcy Judge


Serve:   E. LeRoy, Esq. (for plaintiffs)
      T. Wickwire, Esq. (for defendants)
      P. Gingras, Adv. Case Manager - served 11/24/08 - pg.

      11/24/08